IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01243–MSK–KMT

RICHARD (CHANCE) LEOFF,

    Plaintiff,

v.

XYZ SUBDIVISION LAND COMPANY, LLC,
STEPHEN FINGER, and
S&J LAND COMPANY, LLC,

    Defendants and Counterclaim Plaintiffs,

v.

RICHARD (CHANCE) LEOFF, and
GEORGE M. ALLEN,

    Counterclaim Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on XYZ Subdivision Land Company, LLC and Stephen Finger's "Motion for Remand" filed June 11, 2010 (Doc. No. 15 [Mot. Remand]) and "Counterclaim Defendants' Motion to Sever Claims Against Counterclaim Defendant Leoff (and/or to Drop Leoff as a Party) and to Realign the Parties" filed July 1, 2010 (Doc. No. 21 ["Mot. Sever"]). Counterclaim Defendants filed their response to the Motion to Remand on July 1, 2010 (Doc. No. 22 [Resp. Mot. Remand]), and Defendants/Counterclaim Plaintiffs filed their reply to the Motion to Remand on July 26, 2010 (Doc. No. 27 [Reply Mot. Remand]).

Defendants/Counterclaim Plaintiffs filed their response to the Motion to Sever on September 8, 2010 (Doc. No. 35 [Resp. Mot. Sever]), and Counterclaim Defendants filed their reply on September 23, 2010 (Doc. No. 43 [Reply Mot. Sever]).  These motions are ripe for review and recommendation.

## PROCEDURAL HISTORY

On December 24, 2009, Richard Leoff ("Leoff"), proceeding *pro se*, filed this case in state court against Defendants XYZ Subdivision Land Company, LLC ("XYZ"), Stephen Finger ("Finger"), and HSH Nordbank AG ("HSH").  (Doc. No. 5 at 33–18.)  On January 11, 2010, XYZ, Finger, and S&J Land Company, LLC ("S&J"), filed counterclaims against Leoff and George Allen ("Allen").  (*Id.* at 28–48.)  On January 12, 2010, Attorney George Allen entered an appearance on behalf of Leoff and filed a Notice of Dismissal of all of Leoff's claims against all defendants pursuant to Colo. R. Civ. P. 41(a)(1)(A).  (*Id.* at 53–55.)  On January 14, 2010, Defendants/Counterclaim Plaintiffs XYZ and Finger sought leave of the state court to join S&J as an additional counterclaim plaintiff and Allen as an additional counterclaim defendant, pursuant to Colo. R. Civ. P. 13, 19 and 20.  (*Id.* at 26–29.)  Also on January 14, 2010, XYZ, Finger, and S&J filed a document entitled "Amended Counterclaims," asserting claims against Leoff and Allen. (Doc. No. 1-1 at 15–25.)

On January 19, 2010, Leoff filed a notice of removal of the state court case with this Court.  (*See* Civil Case No. 10-cv-00110-REB-CBS, Doc. No. 1.)  On January 28, 2010, Defendants XYZ and Finger moved to remand.  (Civil Case No. 10-cv-00110-REB-CBS, Doc. No. 12.)  On February 17, 2010, Leoff filed a consent to the defendants' motion to remand.

2

(Civil Case No. 10-cv-00110-REB-CBS, Doc. No. 19.)  On February 25, 2010, District Judge Robert E. Blackburn remanded the case to state court.  (Civil Case No. 10-cv-00110-REB-CBS, Doc. No. 21.)  Judge Blackburn's Order Granting Defendants' Motion to Remand stated:

> The removal statute provides that a "defendant or defendants" may remove an action.  28 U.S.C. § 1441(a).  It is well-settled that in limiting the class of persons entitled to remove, Congress intended to preclude removal by plaintiffs on the basis of a counterclaim that might, in some circumstances, be subject to the jurisdiction of a federal court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-09 (1941); *Green Tree Financial Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1281 (D. Kan. 1999).  Leoff's transparent attempt unilaterally to realign himself as a defendant in the caption of his notice of removal is ineffectual.  *Green Tree Financial Corp.*, 72 F. Supp. 2d at 1282.

(*Id.*)

Following remand, the state court judge entered an order granting, without analysis, the defendants' motion to join S&J as an additional counterclaim plaintiff and George Allen as an additional counterclaim defendant.  (Doc. No. 1-1 at 30.)  On May 12, 1010, Allen accepted service of the counterclaims.  (*Id.* at 77–79.)  On May 28, 2010, Allen filed a Notice of Removal on his own behalf.  (Doc. No. 1.)  XYZ and Finger filed their motion to remand on June 11, 2010.

## ANALYSIS

### A. *Removal Under 28 U.S.C. § 1441*

Title 28 U.S.C. § 1441 authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court.  § 1441(a).  The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between .

. . citizens of different States" where the amount in controversy exceeds $75,000. § 1332(a)(1).[1] 28 U.S.C. § 1332(a); *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1107 (10th Cir. 2000). The statutory formulation requires "complete diversity between all plaintiffs and all defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). In cases such as this, when federal-court jurisdiction is predicated on the parties' diversity of citizenship, *see* § 1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." § 1441(b).

The court's jurisdiction must be assessed by examining the complaint filed in the state court action as of the time of filing the notice of removal. *See Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 390 (1998)("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991)("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal.").

---

[1]"Complete diversity" exists when "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). It is undisputed that the parties are diverse, as Leoff is a citizen of Massachusetts (*see* Doc. Nos. 1 at 5; 1-2 at 16), Allen is a citizen of Utah (*see* Doc. No. 1 at 1), and Defendants/Counterclaim Plaintiffs are citizens of Colorado (*see* Doc. No. 1-1 at 5, 16). It also is undisputed that damages sought in this case are well in excess of the jurisdictional minimum. *See* Mot. Remand at 6; Doc. 1-1 at 24.

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir.2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Section1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). 28 U.S.C. § 1441(a). XYZ and Finger argue that § 1441 limits the right of removal to defendants only, and that, as a third party counterclaim defendant, Allen is not entitled to removal. (Mot. Remand at 5.)

The Tenth Circuit Court of Appeals has not addressed the question of whether a third-party or counterclaim defendant may remove a case, probably due to the statutory limit on appellate review of decisions to remand found in 28 U.S.C. § 1447(d). However, district courts in this Circuit have routinely remanded cases removed by third-party defendants. *See, e.g.*, *Oklahoma v. 1983 Porsche*, No. 08-cv-0528-CVE-FHM, 2008 WL 4570315, at *4 (N.D. Okla. Oct. 10, 2008) ("[A] third-party defendant may not remove a case to federal court based solely

5

on a federal question claim alleged in a third-party complaint."); *Stillwater Nat. Bank and Trust Co. v. Perryman Family Revocable Trust Dated November 1, 1997*, No. 06-cv-0584-CVE-SAJ, 2006 WL 3716894, at *1 (N.D. Okla. Dec. 14, 2006) ("[I]t is well-settled that a third-party defendant can never remove a diversity claim under § 1441(c)."); *NCO Financial Systems, Inc. v. Yari*, 422 F. Supp. 1237, 1240 (D. Colo. 2006) ("[T]hird party removal is impermissible under 28 U.S.C. § 1441(c)."); *Menninger Clinic Inc. v. Schilly*, No. 92-4104-DES, 1992 WL 373927, at *2 (D. Kan. Nov. 23, 1992) ("third-party claims are not removable"); *Radio Shack Franchise Dep't v. Williams*, 804 F. Supp. 151, 153 (D. Colo. 1992) ("[A] third-party or counterclaim defendant may not remove [a] case."); *Elkhart Co-op Equity Exch. v. Day*, 716 F. Supp. 1384, 1387 (D. Kan.1989) (same).

In light of the presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), and because removal statutes are to be narrowly construed, *Pritchett*, 404 F.3d at 1235, this court is not inclined to take a position inconsistent with Tenth Circuit precedent. The court finds removal by a third-party counterclaim defendant is improper.

## B.     *Severance and/or Realignment*

Allen contends that the defendants/counterclaim plaintiffs' strategy in filing their counterclaims was to deprive Leoff of Allen as his counsel by creating a conflict of interest and to "un-level the playing field." (Mot. Remand at 3, 6.) Leoff and Allen move for severance and realignment of the parties. Allen argues that realignment of the parties and severance of the counterclaim against Leoff, pursuant to Fed. R. Civ. P. 21, will serve two purposes. First, Allen argues, severance will eliminate the "management problems associated with [Allen] being both a

party defendant *and* counsel for Mr. Leoff . . . ." and allow trial of the case without Allen and Leoff being involved in the same action. (*Id.* at 3, 6 [emphasis in original].) Second, Allen contends he stands in a different position with respect to removal from Leoff because Allen is solely in a defensive posture, Allen did not select the state forum, and Allen was never a plaintiff in the state proceeding. (Mot. Sever at 3–4.)

### 1. *Joinder and Misjoinder*

It is unclear whether Allen asserts he was joined as a defendant inappropriately. Defendants/Counterclaim Plaintiffs sought leave of the state court to join Allen as a an additional counterclaim defendant pursuant to Colo. R. Civ. P. 19 and 20, arguing Allen was a necessary party and that the claims against him were "based on the same transactions and facts which underlay the counterclaims against [Leoff]." (Doc. No. 1-1 at 27.) It also is unclear from the state court's order if Allen was joined as a defendant pursuant to Rule 19 or 20. (*See* Doc. No. 1-1 at 30.)

With respect to this federal case, pursuant to Fed. R. Civ. P. 20(a), "two requirements must be satisfied for permissive joinder. First, the plaintiffs must allege a right to relief arising from the same transaction or occurrence. Second, the plaintiffs must establish a common question of law or fact." *Pope v. Miller*, No. CIV-07-0284-F, 2007 WL 2427978, at *2 (W.D. Okla. Aug. 21, 2007) (citing *Smith v. North American Rockwell Corp.*, 50 F.R.D. 515, 522 (N.D. Okla.1970)). "Rule 20, the rule addressing permissive joinder, does not require precise congruence of all factual and legal issues. Joinder may be permissible even if there is only one question of law or fact common to the parties." *Loeffelbein v. Milberg Weiss Bershad Hynes &*

*Lerach, LLP*, No. A. 02-2435-CM, 2003 WL 21313957, at *6 (D. Kan. May 23, 2003) (citing *Mesa Computer Util., Inc. v. Western Union Computer Util., Inc.*, 67 F.R.D. 634, 637 (D. Del. 1975). The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Biglow v. Boeing Co.*, 501 F.R.D. 519, 520 (D. Kan.2004). Courts generally construe Rule 20(a) broadly and "joinder of claims, parties, and remedies is strongly encouraged." *Id.*

"Under Rule 21, [i]f the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.' " *Brotzman v. Lippet, Inc.*, No 10-cv-00316-PAB-MEH, 2010 WL 2262543, at *1 (D. Colo. June 4, 2010) (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997)). "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. A trial court has broad discretion on whether to sever parties or claims. *Brotzman*, 2010 WL 2262543, at *1 (citing *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y.1995)). This court finds Allen is a proper party pursuant to Rule 20 because the counterclaim plaintiffs assert claims against Allen arising from the same series of transactions as the claims asserted against Leoff, and there are questions of law and fact in common to both Leoff and Allen.[2]

---

[2] Because the court finds permissive joinder of Allen was appropriate, the court need not address whether joinder was required pursuant to Rule 19.

8

In support of his argument that Leoff should be severed, Allen cites from *Federal Practice and Procedure* and references a Fifth Circuit Court case in which a Rule 21 was used to drop a party who was joined in an action for the purpose of preventing removal to a federal court. (Mot. Sever at 7 [citing 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K KANE, FEDERAL PRACTICE AND PROCEDURE § 1685 (3d ed. 2001) and *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930 (5th Cir. 1958)].) In *Covington*, the court found the joined party had been joined fraudulently to defeat federal jurisdiction. A defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). Courts have identified three specific instances of fraudulent joinder: (1) where a plaintiff cannot plead a cause of action against the non-diverse defendant, *Rogers v. Hartford Accident & Indem. Co.*, 133 F.3d 309, 315 (5th Cir. 1998); (2) where a plaintiff's pleading of jurisdictional facts is outright fraudulent, *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); or (3) where a plaintiff joins a diverse defendant with a non-diverse defendant as to whom no joint, several, or alternative liability exists, and where plaintiff's claim against the non-diverse defendant has no real connection to the claim against the diverse defendant, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here, Allen does not suggest outright fraud in Counterclaimants' pleading, nor has he plead a claim of fraudulent joinder. Moreover, the counterclaimants did not join Allen as a counterclaim defendant to defeat federal jurisdiction, as the requirements for diversity jurisdiction have been met. Here, the problem is not with diversity jurisdiction, but with Allen's inability to remove pursuant to 28 U.S.C. § 1441(a), given his status as a counterclaim defendant.

Allen also suggests this court should "drop" the counterclaims against Leoff from this action, also apparently pursuant to Rule 21. "[I]t is well-settled that nondiverse parties may be dismissed in order to preserve diversity jurisdiction." *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 845 (10th Cir. 1988). "Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if his presence in the action is not required under Rule 19." *Miller v. Leavenworth-Jefferson Elec. Co-op., Inc.*, 653 F.2d 1378, 1382 (10th Cir. 1981) (*superseded on other grounds*). Again, in this case, dropping Leoff as a party would not serve to preserve diversity jurisdiction, as Leoff is not a non-diverse party. Therefore, the court declines to sever either Leoff or Allen.

### 2. *Realignment*

Leoff and Allen also move to realign the parties to make Defendants/Counterclaim Plaintiffs the plaintiffs and Leoff and Allen the defendants. (Mot. Remand at 4.) Leoff and Allen assert this proposed realignment is the proper means "to resolve the claims of the XYZ parties arising from their counterclaims . . . ." (*Id.* at 10.) Allen argues that, if the parties are realigned, "then removal of the Allen counterclaim to this Court is entirely appropriate." (*Id.* at 7.)

"It is [a court's] duty . . . 'to look beyond the pleadings, and arrange the parties according to their sides in the dispute.' " *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)). When determining whether diversity jurisdiction exists, courts are not bound by the party alignment set forth in the pleadings and, rather, should look beyond

10

these formalities and attempt to determine the parties' actual interests. *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006) (citing *City of Indianapolis*, 341 U.S. at 69–70)).

"Realignment is usually associated with a federal court's attempt to discern whether diversity jurisdiction is proper." *Green Tree Financial Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1282 (D. Kan. 1999) (citing *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 159 (3d Cir. 1995)). "The principle has also been employed by numerous courts in the removal context." *Green Tree*, 72 F. Supp. 2d at 1282 (citing *Hill v. Maton*, 944 F. Supp. 695, 698 n.4 (N.D. Ill. 1996)); *Kenko Int'l, Inc. v. Asolo S.r.l.*, 838 F. Supp. 503, 505 (D. Colo. 1993)). *Green Tree* identified three applications of realignment in the removal context, including

> 1) splitting a removed action into two separate ones in order to maintain a portion of the original state court action, *see Hill*, 944 F.Supp. at 698; 2) determining whether an intervening party is a plaintiff or defendant for purposes of determining diverse citizenship at the time of removal, *see Kenko*, 838 F. Supp. at 505; and 3) aligning parties to determine whether all defendants join in removal of the action, *see Pennell v. Collector of Revenue*, 703 F.Supp. 823, 824 (W.D. Mo.1989).

72 F. Supp. at 1282. In this case, realignment would have no effect on diversity of the parties. Moreover, realignment is not sought to split the case in two parts and to maintain a portion in state court, nor to determine whether Leoff joins in the attempted removal. This court has been unable to locate any case law, and Allen has not cited any, in support of realigning parties, when the parties are already diverse, to serve the purposes stated by Allen—to avoid case management problems that may be associated with a potential conflict of interest or to allow a counterclaim

defendant in "solely a defensive posture" to become a defendant for the purposes or removal. This court, therefore, declines to realign the parties.

WHEREFORE, for the foregoing reasons, this court respectfully

RECOMMENDS that

1. Defendants/Counterclaim Plaintiffs' "Motion for Remand" (Doc. No. 15) be GRANTED;

2. "Counterclaim Defendants' Motion to Sever Claims Against Counterclaim Defendant Leoff (and/or to Drop Leoff as a Party) and to Realign the Parties" (Doc. No. 21) be DENIED; and

3. This matter be remanded in its entirety to the District Court for San Miguel County, Colorado.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of October, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge