IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01243-MSK-KMT

RICHARD (CHANCE) LEOFF,

    Plaintiff,

v.

XYZ SUBDIVISION LAND COMPANY, LLC,
STEPHEN FINGER, individually, and
S & J LAND COMPANY, LLC,

    Defendant and Counterclaim Plaintiffs,

v.

RICHARD (CHANCE) LEOFF, and
GEORGE M. ALLEN,

    Counterclaim Defendants.

## ORDER GRANTING AND DENYING MOTION FOR ATTORNEY FEES

THIS MATTER comes before the Court on the Defendants' Request for Award of Attorney Fees and Costs, With Supporting Authority (#**56**), to which Counterclaim Defendants responded (#**61**) and Defendants replied (**63**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I.  Background

This motion is the result of a second attempt to remove this case to federal court by the Counterclaim Defendants. Both attempts were unsuccessful and the case remanded to state court. Defendants, who had to file remand motions and litigate other issues as a result of the Counterclaim Defendants' efforts to keep the case in federal court, now seek recovery of their

reasonable attorney fees and costs incurred as a result of the improper removal.

As noted by Defendants, this action was commenced in state court by Plaintiff (and Counterclaim Defendant) Richard Leoff. Defendants counterclaimed in the state court proceeding and named Mr. Leoff and George Allen as Counterclaim Defendants. Thereafter, Mr. Leoff hired Mr. Allen as his attorney; Mr. Allen has appeared in the state court proceeding and in proceedings in this Court both in a representative capacity on behalf of Mr. Leoff and *pro se* on his own behalf. Mr. Leoff, through Mr. Allen as counsel, filed a removal petition; the removed case was docketed in this court as 10-cv-00110-REB-CBS. Upon a motion for remand filed by Defendants, to which Mr. Leoff ultimately consented, Judge Robert E. Blackburn remanded the case on the grounds that a counterclaim defendant could not remove a case to federal court under 28 U.S.C. § 1441(a). Judge Blackburn also awarded attorney fees and costs to Defendants pursuant to 28 U.S.C. § 1447(c) for the improper removal.

Thereafter, Mr. Allen, acting on his own behalf and as counsel for Mr. Leoff, again removed the case to this Court. Defendants filed another motion to remand (#**27**). To resist remand, the Counterclaim Defendants then filed a Motion to Sever Claims against Leoff and to Realign the Parties (#**21**). In support of the motion, Counterclaim Defendants made several arguments to the effect that severance and realignment would permit the case to continue in federal court. After the matters were fully briefed, Magistrate Judge Kathleen M. Tafoya issued a Recommendation (#**45**) that the Motion to Sever Claims and Realign the Parties be denied and that the case be remanded to state court. Again, as grounds, Magistrate Judge Tafoya cited legal authority showing that a counterclaim defendant is not authorized to remove a case. She also determined that severance and realignment were inappropriate and, moreover, would not allow removal where it was otherwise prohibited. The Court adopted the Recommendation (#**51**) and

the case was again remanded.

## II. Analysis

Under 28 U.S.C. § 1447(c), "an order remanding [an improperly removed case] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendants seek their attorney fees and costs associated with filing the motion to remand, responding to the Motion to Sever Claims and Realign the Parties and to the objections to the Recommendation, and appearing at a scheduling conference. The total amount sought is $15,797.89, representing $13,794.50 in attorney fees, $1503 in paralegal fees, and $500.39 in costs. Defendants have provided an affidavit and contemporaneous billing records and time entries.[1] Defendants further argue that the removal was in bad faith and intended to delay the state court proceedings, since Judge Blackburn's remand order had made clear that the Counterclaim Defendants could not remove the case.

In response, Mr. Allen and Mr. Leoff argue that the amount sought is not supported by adequate documentation or sufficient detail, that the motion to remand is duplicative of the previously filed motion to remand and therefore does not justify additional research and drafting costs, that Judge Blackburn's award shows that no more than six hours was needed to research and draft the motion to remand, and that responding to the realignment issue and appearing at the scheduling conference are not costs incurred as a result of the removal. They further contend that the removal was not in bad faith or intended to delay the state proceedings and that there was no prejudice to Defendants.

An award of attorney fees and costs is appropriate. Mr. Allen and Mr. Leoff twice

---

[1] The hourly rates charged are $275 and $195 for the two attorneys who worked on the case and $80 for the paralegals.

attempted to remove this case to federal court without a legal basis and then resisted remand also without legal justification.  Although the issues in this motion to remand were not identical to those in the previously removed case, the effect was the same - delay and unnecessary expense.

In this case, Defendants' motion to remand had to address complex procedural questions regarding whether a third party defendant joined in the state proceeding could remove the case. The "realignment" argument was also newly presented.  Thus it is not surprising that new and additional costs were incurred in the drafting and filing of the motion to remand.

The expenses incurred in responding to the Motion to Sever Claims and Realign the Parties should also be awarded.  These expenses were incurred as a result of the improper removal because the arguments in the motion were aimed at preventing remand.  Moreover, the Court agrees that the expenses incurred in attending the scheduling conference were a result of the improper removal.  It is not clear whether such expenses would have been incurred ( or have been duplicated ) in the state court.

Reasonableness of fees and costs is typically calculated by application of the lodestar amount, *i.e.*, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which may then be adjusted to account for the presence of special circumstances.  *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The Court has reviewed the billing records and rates supporting Defendants' request, which show the hours expended on each task and the hourly rate charged by the individual.  The reasonableness of the rates charged is not disputed.  However, there are several items contained in the billing records that do not appear to be related to the removal, specifically the following entries:

10/29/2010     CS Research attorney liability for aiding and abetting breach of fiduciary duty.

|  |  |
|---|---|
|  | ($80) |
| 7/1/2010 | CS Draft and edit letter to George Allen regarding representation of Leoff in XYZ.  ($32) |
|  | JCC Work on disqualification issues and letter.  ($137.50) |
| 6/29/2010 | CS Confirm conference call with George Allen.  Set reminders.  ($16) |
|  | CS Update correspondence files and pleadings.  ($16) |

These items, which amount to $281.50 of the requested fees, will be deducted from the fee award.

In addition, Defendants seek to recover $500.39 in costs.  The records provided show billing for hundreds of pages of copies, including color copies, but include insufficient explanation linking these costs to the removal issues.  Mileage and meal allowances costs are not sufficiently linked to removal issues.  Therefore, none of the requested costs will be awarded. Subtracting $281.50 in disallowed fees and $500.39 in disallowed costs from $15,797.89, the amount sought, results in a total award of $15,016.00.

**IT IS THEREFORE ORDERED** that

(1) Defendants' Request for Award of Attorney Fees and Costs, With Supporting Authority (#**56**) is **GRANTED IN PART AND DENIED IN PART**.  Defendants are awarded their attorney fees in the amount of $15,016.00.  Their request is otherwise denied.

DATED this 10th day of September, 2011.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge